Mary Kathryn JONES, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16048.

Court of Criminal Appeals of Oklahoma.

Nov. 18, 1970.

A. Visanio Johnson, Oklahoma City, for plaintiff in error.

BUSSEY, Judge:

Mary Kathryn Jones, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, with the crime of Assault and Battery with a Dangerous Weapon. She was tried by a judge who found her guilty of Assault and Battery with a Dangerous Weapon, After Former Conviction of a Felony, and assessed her punishment at three years imprisonment in the state penitentiary, and she has been granted a post conviction appeal.

The testimony adduced on the trial on behalf of the State established that on the early morning of the 14th day of June, 1969, Sharon Washington, Wilbert Fox and Harry Lofton went to a restaurant in Oklahoma City, where they ordered something to eat. After her salad arrived, Sharon Washington left the table to talk to friends and upon her return, discovered the defendant was eating her salad. An argument ensued and the defendant left the table after the management broke up the argument. Sharon testified she next observed the defendant talking to Wilbert Fox near the restroom, and that when she approached them, the defendant became quarrelsome and stabbed her with a knife. Mr. Fox's testimony was in substantial accord with that of Sharon Washington.

The defendant testified in her own behalf and admitted that she ate the salad belonging to Sharon Washington, but stated that it had been given to her by Sharon who later demanded that she buy her another salad. The defendant testified that an argument ensued; that she left the table to order a salad for Sharon and was followed by Sharon who again started an argument. She stated she again left Sharon's presence and saw her a few minutes later when she and Mr. Fox were arguing over the salad. The defendant testified that Sharon was shoving people around and in a very hostile mood and that she (the defendant) did not know whether Sharon was armed or not, but that she was fearful and she took a knife from her purse and stabbed Sharon with it.

There was not one scintilla of evidence offered on behalf of either the State or the defendant, that Sharon Washington was armed before, during, or after the time that she was knifed. The defendant, while admitting the knifing, contended that the same was done in necessary self-defense and the trial court properly instructed the jury relative to all issues presented. The jury selected to believe the testimony of the State's witnesses and found the defendant guilty, fixing her punishment well within the range provided by law.

Although there are several assignments of error urged in the Petition in Error, none possess sufficient merit to be dealt with in this opinion; suffice it to say, that the evidence amply supports the verdict of the jury, the court properly instructed

them; the punishment imposed was well within the range provided by law, and the record is free of any error which would justify modification or reversal. For these reasons, the judgment and sentence is affirmed.

BRETT, P. J., and NIX, J., concur.